

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-28-2010

# Joseph Fessler v. Kirk Sauer Comm Dev City Wilke

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-4100

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"Joseph Fessler v. Kirk Sauer Comm Dev City Wilke" (2010). *2010 Decisions*. Paper 1988.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1988

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-073                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4100
_____

JOSEPH A. FESSLER; ANN FESSLER,

Appellants

v.

KIRK SAUER COMMUNITY DEVELOPMENT CITY OF WILKES BARRE;
RICHARD GELHARD, Ex Deputy Executive Director Wilkes Barre; LEWIS
ATTORDO; JOHN G. BRAVACOS, Area Director Department of Housing and Urban
Development; PAUL CAIN, Ex Area Director of Housing and  Director of Housing and
Urban Development; ALPHONSON JACKSON, Secretary of Housing and Urban
Development; MARTIN C. CARLSON; HOUSING URBAN DEVELOPMENT;
ACTING US ATTORNEY

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 07-cv-1939)
District Judge:  Honorable Thomas I. Vanaskie

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6(a)
December 17, 2009
Before:  BARRY, FISHER AND VAN ANTWERPEN, Circuit Judges

(Opinion filed: January 28, 2010)

_____

OPINION
_____

PER CURIAM

Joseph Fessler and Ann Fessler ("the Fesslers") appeal from an order of the United States District Court for the Middle District of Pennsylvania denying their motion entitled "Requestin [sic] Countersuit Against Kirk Sauer Community Development Wilkes Barre, PA. Motion for Sanctions." For the reasons set forth below, we will summarily affirm. See I.O.P. 10.6.

In 1973, the Fesslers' property was taken by eminent domain by the City of Wilkes-Barre, Pennsylvania. Following a denial of what they deemed an adequate relocation benefit, the Fesslers filed numerous state and federal lawsuits against the City of Wilkes-Barre Redevelopment Authority and the United States Department of Housing and Urban Development.

On October 24, 2007, the Fesslers, proceeding pro se, filed an action in the District Court against several current and former employees of the Wilkes-Barre Redevelopment Authority and the Department of Housing and Urban Development related to their dissatisfaction with the City of Wilkes-Barre's denial of a relocation payment to the Fesslers. The Defendants moved to dismiss the case and the Fesslers moved for default judgment against Defendant Alphonso Johnson on grounds that he failed to timely answer their Complaint.

On August 22, 2008, the District Court granted Defendants' motions to dismiss the case and denied the Fesslers' motion for default judgment. The Fesslers filed a timely appeal to this Court and we summarily affirmed the judgment of the District Court. See

2

<u>Fessler v. Sauer</u>, C.A. No. 08-3645 (March 16, 2009).

In September 2009, the Fesslers filed in the District Court the current motion entitled "Requestin [sic] Countersuit Against Kirk Sauer Community Development Wilkes Barre, PA. Motion for Sanctions."[1] The District Court denied the motion without opinion and the Fesslers have appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. The District Court appropriately denied the Fesslers' motion. By the time that the Fesslers filed their motion in the District Court, final judgment had already been entered in their case. Because the Fesslers' motion did not seek relief under a specific Federal Rule of Civil Procedure, and mindful that Federal Rules of Civil Procedure 59 and 60 govern the opening of final judgments, we consider whether the motion should have been characterized as a motion for relief thereunder. It should not have been.

First, the Fesslers would not have been entitled to relief under Rule 59(e) as the motion was filed beyond the ten days provided for under the Rule. <u>See</u> Fed. R. Civ. P. 59. Second, the Fesslers would not have been entitled to relief under Rule 60(b) as the they did not set forth any basis for granting relief under the Rule, including the catch-all provision in Rule 60(b)(6) that allows a court to relieve a party from a judgment for "any other reason that justifies relief." <u>See</u> Fed. R. Civ. P. 60; <u>see</u> <u>also</u> <u>Budget Blinds, Inc. v.</u>

---

[1] The Defendants in the case had previously filed a motion for sanctions and attorneys fees against the Fesslers which the District Court denied.

3

White, 536 F.3d 244, 251 (3d Cir. 2008).  Even construing the motion liberally, we cannot discern any conceivable basis to reopen the judgment.

As there is no substantial question presented by this appeal, we will summarily affirm.  See Third Cir. LAR 27.4; I.O.P. 10.6.  Appellants' document entitled "Payment of Legal Fees," which appears to seek an order from this Court directing the Appellees to pay Appellants' legal fees, is denied.